SARA HEDGPETH-HARRIS (SBN 124114)
sara.hedgpeth-harris@centralcallegal.org
MARCOS SEGURA (SBN 303122)
msegura@centralcallegal.org
RUBEN LUIS GARCIA, III (SBN 317512)
lgarcia@centralcallegal.org
CENTRAL CALIFORNIA LEGAL SERVICES
2115 Kern Street, Suite 200
Fresno, CA  93721
Telephone: (559) 570-1200
Facsimile: (559) 570-1254

Attorneys for Plaintiff Angela Sanchez

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angela Sanchez, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>Law Office of Lance E. Armo and Lance E. Armo.<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1. **Fair Debt Collection and Practices Act ("FDCPA"), 15 U.S.C. § 1692,** *et seq.*<br>2. **California Business & Professions Code § 17200,** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises out of Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*.

2. Exercise of personal jurisdiction over Defendants comports with traditional notions of fair play and substantial justice given that Defendants

systematically and continuously do business in the State of California and were doing such business with respect to the facts that arise in this case.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within the Eastern District of California.

## INTRODUCTION

4. Plaintiff Angela Sanchez brings this action to challenge the acts of Defendants Law Office of Lance E. Armo and Lance E. Armo regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and causing Plaintiff damages in the process.

5. Defendants operate a well-known law firm in Fresno and engage in unlawful conduct that affects numerous low-income renters. Fresno County sees anywhere from 2,000 to 4,500 evictions filed each year. On information and belief, from 2007 to 2016, Defendants handled approximately five percent of all unlawful detainer lawsuits disposed of through the Fresno Superior Court, and their names appeared the second most frequently as counsel of record for plaintiffs in such cases.

6. In 2019, Defendants' names appeared at least 170 times as counsel of record for landlords.

7. Defendants engage in unlawful conduct that affects numerous low-income renters, unlawfully burdening them with debts they do not owe, impairing their credit records and ability to secure rental housing, and exacerbating the current housing crisis.

8. This civil action seeks injunctive relief, damages, attorney's fees, and costs pursuant to the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and California Business and Professions Code section 17200, which forbids unlawful and unfair business practices.

9. Defendant Lance E. Armo, while acting as attorney in Plaintiff's unlawful detainer lawsuit, Case No. 19CECL05022, in the California Superior Court, engaged in abusive and false debt collection practices. Defendants falsely claimed Plaintiff owed a

nonexistent debt, and then attempted to collect that alleged debt to which they were not legally entitled.

10. In attempting to collect this nonexistent debt, Defendants failed to make the necessary disclosures in their initial communication with Plaintiff.

11. Defendants also misled Plaintiff when interacting with her regarding the nonexistent debt.

12. Defendants did not maintain procedures reasonably adapted to avoid any such violations of the FDCPA.

13. Defendants' misconduct was knowing, willful, and intentional.

## PARTIES

14. Plaintiff Angela Sanchez is a natural person, an adult, and at all times relevant to this action was a resident of Fresno County, California.

15. Defendant Law Office of Lance E. Armo is a California professional law corporation, is incorporated in the State of California, and is a law firm practicing law and doing business in the State of California, in Fresno County, within the Fresno Division of the Eastern District of California.

16. Defendant Lance E. Armo is the owner of Defendant Law Office of Lance E. Armo and is the attorney who apparently signed and caused to be sent the notice attached as **Exhibit 1**.

17. Defendants are in the business of litigating eviction actions on behalf of landlords, including unlawful detainer actions based on notices demanding the payment of rent.

18. Plaintiff is informed and believes and upon that basis alleges that Defendants also prepare and send out, by mail and otherwise, demands for rent in the form of three-day notices to pay rent or quit, and/or other correspondence seeking to collect rent and other amounts due under residential leases.

19. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business, one principal purpose of which is the collection of debts, and are

therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

20. On information and belief, Defendants send Notices to Pay or Quit to tenants in an attempt to collect on tenants' alleged debts, or to cause them to make payments on alleged debts. The Notice to Pay or Quit Plaintiff received appears to have been signed by Mr. Armo.

21. Defendants are persons who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

22. On information and belief, Defendants routinely accept payments on debts allegedly owed to third parties. In the Notice to Pay or Quit at issue here, Defendants asked Plaintiff to send to their office a check for the alleged debt that was made out to Defendants, but allegedly actually due to a third party.

23. Defendants claimed that Plaintiff was obligated to pay a debt, and therefore Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

24. The Notice to Pay or Quit informed the Plaintiff that she "was required to pay" the debt detailed on that notice.

25. These alleged financial obligations were primarily for personal, family, or household purposes and were therefore a "debt" within the meaning of 15 U.S.C. § 1692a(5).

26. The claimed debt was for rent allegedly owed for Plaintiff's primary residence at the time.

27. At all times mentioned herein, Defendants, and each of them, were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency. All Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages they have incurred.

## STATUTORY FRAMEWORK

28. Congress enacted the FDCPA to eliminate "abusive debt collection practices

by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

29. The FDCPA is a strict liability statute.

30. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, and/or request that the debt be verified, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

31. The FDCPA forbids a debt collector from attempting to collect a debt that is not permitted by law. *See* 15 U.S.C. § 1692f(1).

32. Section 1692e of the FDCPA requires a debt collector, in an initial communication with a consumer, to state that he or she is attempting to collect a debt and that any information obtained will be used for debt-collection purposes. *See* 15 U.S.C. § 1692e(11).

33. Section 1692e of the FDCPA forbids a debt collector from making false statements to a consumer about the character, amount, or status of the consumer's debt. *See* 15 U.S.C. § 1692e(2)(A).

34. Section 1692e of the FDCPA forbids a debt collector from falsely representing to a consumer his or her ability to sue the consumer or take away the consumer's property in relation to any nonpayment of debt. *See* 15 U.S.C. § 1692e(4-5).

35. Section 1692e of the FDCPA also forbids a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. *See* 15 U.S.C. § 1692e.

36. Section 1692d of the FDCPA forbids a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt.  *See* 15 U.S.C. § 1692d.

## FACTUAL BACKGROUND

37. On or about October 1, 2016, Ms. Sanchez began renting a home at 2739 Fine Avenue, Clovis, CA 93611.

38. In or around January of 2017, Ms. Sanchez qualified for a Section 8 Housing Choice Voucher, which she began applying toward her rental at Fine Avenue.

39. On or about January 8, 2019, the terms of Ms. Sanchez's Housing Assistance Payment Contract were changed by the Fresno Housing Authority.  Effective January 1, 2019, Ms. Sanchez's Voucher Contract was altered so that her portion of the monthly rent went from $132 to $0.  *See* **Exhibit 2**.

40. On or about May 16, 2019, Ms. Sanchez heard her dogs barking at the front door.  When she opened the front door, she saw a piece of paper taped to the screen door and a woman getting in a car to drive away.

41. When Ms. Sanchez waved at the woman getting in the car, the woman told Ms. Sanchez that she was "from the lawyer's office."

42. When Ms. Sanchez reviewed the piece of paper, she saw that it was a Notice to Pay Rent or Quit that referred to Defendants as the sender of the Notice.

43. The Notice to Pay Rent or Quit stated that Ms. Sanchez owed $396 in past-due rent for the months of January, February, and March of 2019, even though her share of the rent for these months was in fact $0.

44. The Notice to Pay Rent or Quit failed to comply with the provisions of the Federal Debt Collection Practices Act, in that it never stated that Mr. Armo was a debt collector, that the communication was an attempt to collect a debt, that all information obtained from Ms. Sanchez would be used to collect the debt, or the process for either requesting verification of the debt or identification of the original creditor.

45. Ms. Sanchez called the phone number on the Notice, reaching a receptionist for Defendants.  Ms. Sanchez told the receptionist that she did not owe any rent for the months alleged in the Notice.

46. The receptionist told Ms. Sanchez that she would call her back because she needed to pull Ms. Sanchez's file.

47. Neither the receptionist nor anyone else ever called Ms. Sanchez back in response to her inquiry.

48. On or about May 27, 2019, Defendants filed an Unlawful Detainer (19CECL05022) against Ms. Sanchez based on the May 16, 2019 Notice to Pay Rent or Quit. This Unlawful Detainer was soon dismissed, once Defendants were forced to admit there was no debt.

49. Part of Ms. Sanchez's responsibilities under the Section 8 Voucher Contract include abiding by the requirements of the lease, including the requirement to pay her share of the rent on time.

50. The Fresno Housing Authority has the right to terminate a Section 8 Voucher when the voucher holder violates lease terms; an eviction for non-payment of rent constitutes "good cause" for termination. Thus, being evicted for not paying rent essentially guarantees the loss of the Section 8 Voucher.

51. Facing an eviction and the loss of her Section 8 Voucher, even though there was no basis for it, caused Ms. Sanchez substantial shock and emotional distress.

52. Facing a looming threat of homelessness gave Ms. Sanchez severe anxiety and nervousness, resulting in Ms. Sanchez experiencing paranoia and insomnia.

53. The intrusive visit to her home by an agent and representative of Defendants made Ms. Sanchez afraid whenever anyone approached her front door, even if it was just relatives or friends that were visiting.

54. The failure of the Defendants' receptionist and/or the Defendants themselves to provide adequate notice as required by the FDCPA, or to verify the debt upon Ms. Sanchez's request, and their decision instead to press forward with an unsubstantiated unlawful detainer against her, further heightened her anxiety and paranoia.

55. The accumulation of this added stress ultimately rendered Ms. Sanchez emotionally and physically depressed.

56. Although she avoided eviction at the 11th hour, Ms. Sanchez also suffered monetary damages related to costs of preparing to move from her home once she was unlawfully sued for unlawful detainer.

57. All of this was a direct result of Defendants' action to collect an invalid debt in a way proscribed by law.

## FIRST CAUSE OF ACTION

## Violation of Federal Debt Collections Practices Act

## (15 U.S.C. § 1692, *et seq.*)

58. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

59. Defendants used and use the mail in their business, the principal purpose of which is the collection of debts, and are therefore "debt collectors" under 15 U.S.C. § 1692a(6).

60. Defendants regularly collect debt on behalf of others, directly or indirectly, and are therefore "debt collectors" under 15 U.S.C. §1692a(6).

61. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) because she is a natural person alleged to owe debt to a third party in the form of an obligation to pay money on a transaction for personal, family, or household purposes.

62. Defendants' actions constituted a violation of numerous provisions of the FDCPA.

63. Defendants' violations include the following:

    i. Defendants violated **15 U.S.C. § 1692e(2)(A)** by making a false representation of the character, amount, or legal status of the alleged debt in the Notice to Pay Rent or Quit and in the unlawful detainer action filed;

    ii. Defendants violated **15 U.S.C. § 1692e(4-5)** by falsely representing to Ms. Sanchez their ability to take away her property in relation to any nonpayment of debt;

      iii. Defendants violated **15 U.S.C. § 1692e(11)** by failing to state that they were attempting to collect a debt and that any information obtained would be used for debt-collection purposes;

      iv. Defendants violated **15 U.S.C. § 1962d** by having their agent and representative approach Ms. Sanchez at her home in attempting to collect a debt that did not exist;

      v. Defendants violated **15 U.S.C. § 1692f(1)** by attempting to collect an amount not permitted by law, including the laws governing Plaintiff's Section 8 Voucher;

      vi. Defendants violated **15 U.S.C. § 1692g(a)** by failing to provide the legally mandated written notice of debt that informed the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, and/or request that the debt be verified, within 30 days of receipt of the notice.

64. As a proximate result of Defendants' violations, Plaintiff has suffered damages, including but not limited to monetary damages, and emotional distress and other and nonmonetary damages, to be proven at trial.

65. Defendants did not maintain procedures reasonably adapted to avoid any FDCPA violations.

66. Defendants' misconduct was knowing, willful, and intentional.

## SECOND CAUSE OF ACTION
## Violation of the Unfair Competition Law
## (Cal. Bus. & Prof. Code § 17200, *et seq.*)

67. Plaintiff repeats, re-alleges, and incorporates reference all the allegations contained in the paragraphs above.

68. Defendants operate a business within the meaning of Business & Professions Code section 17200, *et seq.*.

69. The California Unfair Competition Law ("UCL") proscribes unlawful and

unfair business practices.

70. As alleged herein, Plaintiff has suffered injury in fact and lost money and/or property as a result of Defendants' unlawful and unfair conduct stemming from Defendants' violations of the FDCPA

71. Defendants have engaged in, and on information and belief continue to engage in, acts or practices that constitute unlawful and unfair business practices as defined in Business and Professions Code section 17200. These acts or practices include the following violations of the FDCPA:

    i. Failing to provide the legally mandated written notice of debt;

    ii. Making a false representation of the character, amount, or legal status of the alleged debt;

    iii. Attempting to collect an amount not permitted by law;

    iv. Falsely representing their ability to take away property in relation to any nonpayment of debt;

    v. Having their agent and representative approach Ms. Sanchez at her home in attempting to collect a debt that did not exist; and

    vi. Failing to state that they were attempting to collect a debt and that any information obtained would be used for debt-collection purposes.

72. Each of Defendants' violations of the FDCPA, as alleged above, constitutes a predicate violation, which supports a claim under the "unlawful" prong of California Business and Professions Code section 17200.

73. Each of Defendants' various dishonest, bad faith, unfair and unreasonable actions and statements, as alleged above, constitute "unfair" acts or practices under section 17200.

74. Defendants acted unlawfully and unfairly by: failing to provide the legally mandated written notice of debt; trying to obtain an unlawful judgment over a debt that was falsely represented; and by subsequently refusing to reveal to Plaintiff, upon request, information regarding what this debt was for and why Defendants' actions were

justified.

75. As a proximate result of Defendants' various unlawful and unfair business acts and practices, Plaintiff suffered substantial injuries. Accordingly, Plaintiff is entitled to equitable relief including restitution and attorney's fees, and any other appropriate relief authorized by sections 17200, *et seq.* of the California Business & Professions Code.

76. The utility of Defendants' conduct in attempting to collect monies not owed is non-existent; any claim to utility is grossly outweighed by the gravity of harm to Plaintiff. Defendants' unfair conduct runs counter to established public policy and such conduct is immoral, oppressive, and substantially injurious to Plaintiff and the public at large. There are reasonable alternatives to further Defendants' legitimate business interests other than the unfair conduct described herein.

77. The unlawful and unfair business practices of Defendants, as described above, present a continuing threat to members of the public in that current and future tenants from whom Defendants will seek to collect debts will be deprived of their rights and protections under the FDCPA as well be subject to economic harm similar to what Plaintiff has suffered.

78. Plaintiff and other members of the general public therefore have no other adequate remedy at law in that Defendants' abusive collection tactics will continue unabated unless they are ordered to comply with the FDCPA.

79. Further, pursuant to California Business and Professions Code section 17203, Plaintiff seeks an order of this Court prohibiting Defendants from continuing to engage in unlawful and unfair business acts and practices of the kind set forth in this Complaint, including, but not limited to: misrepresenting to consumers the existence of unpaid debt; misrepresenting to consumers the amount owed; misrepresenting in state court proceedings the amount owed by consumers; harassing consumers in connection with an attempt to collect debts; failing to comply with the FDCPA's notice requirements with respect to communications with consumers; failing to verify debts on request; providing

consumers false or misleading assurances of intent to verify debt; failing to create, implement, and follow the procedures necessary to prevent these violations from occurring; targeting and attempting to collect debts from consumers with housing vouchers; and personally drafting and sending notices that underlie an action for unlawful detainer to consumers with housing vouchers

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A judgment that Defendants violated the FDCPA, 15 U.S.C. § 1692, *et seq.*, and California Business and Professions Code § 17200, *et seq.*;

2. Pursuant to California Business and Professions Code § 17203, an order and judgment enjoining Defendants, its agents, employees, successors, and all other persons in active concert or participation with Defendants to cease from failing to comply with the FDCPA, and specifically from engaging in the conduct described herein, including but not limited to serving notices to consumers in violation of the FDCPA, misrepresenting the amounts owed by tenants in state court proceedings and other fora, targeting consumers with housing vouchers by personally drafting and sending notices to them, not verifying the alleged debt of consumers who request such verification, and failing to implement the safeguards necessary to prevent these violations from occurring;

3. Pursuant to 15 USC § 1692k(a)(2)(A), $1,000 in statutory damages for each of Defendants' violations of Plaintiff's rights under the FDCPA;

4. Pursuant to 15 U.S.C. § 1692k(a)(1), actual damages in an amount to be determined at trial;

5. Restitution;

6. An order awarding Plaintiff all of their litigation costs associated with this proceeding, and all reasonable attorney's fees as provided by law;

7. Interest, to the extent permitted by law; and

8. Such other and further relief as the Court may deem just and proper.

COMPLAINT FOR DAMAGES
- 12 -

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: January 31, 2020

CENTRAL CALIFORNIA LEGAL SERVICES

/S/  R. Luis Garcia, III
R. Luis Garcia, III
Attorney for Plaintiff Angela Sanchez