# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA SANCHEZ, | Case No. 1:20-cv-00163-SKO |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED** |
| v. | |
| LAW OFFICE OF LANCE E. ARMO and LANCE E. ARMO, | |
| Defendants. | |

On December 14, 2021, the Court held a settlement conference at which the parties settled the matter, and the parties were ordered to file dismissal documents within sixty days of the conference. (*See* Doc. 44.) Sixty days have passed, and the parties have not filed their dismissal documents. (*See* Docket.)

By its minute order entered on February 16, 2022, the Court ordered the parties to file, by no later than February 23, 2022, dispositional documents requesting dismissal of the action due to a settlement. (Doc. 45.) The Court cautioned that "[f]ailure to comply with this order may be grounds for the imposition of sanctions on any and all counsel as well as any party or parties who cause non-compliance with this order." (*Id.*) To date, no dismissal documents have been filed. (*See* Docket.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court ORDERS that, by no later than March 3, 2022, the parties shall file dismissal documents, or a statement showing cause why the Court should not dismiss this action, with prejudice, for failure to obey court orders. The Court further CAUTIONS the parties that, if they fail to file this statement by March 3, 2022, the Court will dismiss this action in its entirety.

IT IS SO ORDERED.

Dated:  **February 24, 2022**                /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE